May it please the Court, Cynthia Hahn on behalf of Appellate Saul Ordaz-Chavez. The only words I can think of here are bait and switch. And the reason I say that is I hope everybody has the pre-sentence report I sent out because you're going to need it to follow what happened here at sentencing. On the pre-sentence report, the probation officer identified paragraph 33 on page 8 as the qualifying aggravated felony for an 8-level enhancement on this case. When we get to court, what the government produces is from paragraph 34 of the pre-sentence report on page 9 a car burglary. Under – I think Taylor is – I'm sorry, I did not understand. The one that they originally identified was number 31? No, Your Honor. They were 32, 33, and 34. I see. Okay. The probation report recognized paragraph 33 as the qualifying aggravated felony. I see. When it came to court, there was no mention of that felony. As a matter of fact, what was produced were documents relating to paragraph 34 on page 9, and that was a car burglary. Taylor has been around for at least 15 years, almost 16 years. I think we all know by now that a car burglary does not qualify as a burglary. I don't think that's in dispute. Yet the court found that this car burglary – excuse me – was an aggravated felony and increased the defendant's level eight levels for an aggravated felony based on a car burglary. That is not – Even though everybody seemed to agree at the hearing that it was overbroad, it was a very strange thing. It was hard to figure out what's going on. I almost started out with who's on first because this is the most bizarre sentencing I've ever seen. There is absolutely no mention of what the PSR used to increase the defendant's sentence. All that is discussed and all the documents that are produced relate to paragraph 34, the car burglary. Yee versus INS, Taylor. Yee versus INS was in 2000, so that's almost six years old. Taylor is 15 years old. I think we can all agree a car burglary does not qualify as a burglary. It's overbroad. It does not fit. Is there another offense here which did fit? No, Your Honor. There's no other offense? There was no other offense. That documentation was produced under either Taylor or Shepard. All right. Now, why does that matter given the, what is it, Robles-Rodon, is that what it's called? Romero-Rendon? I'm sorry? Romero-Rendon? Yes, Romero-Rendon. Well, for one thing, that's a criminal history case. We're not talking criminal history here. We're talking an enhancement. And under Ameline, en banc, they said it is the government's burden to prove up any enhancements to the defendant's sentence. The defendant doesn't have to talk about them. He doesn't have to bring them to the court's attention when it comes to sentencing. It is solely the government's burden. And that burden was not met here. And I would almost say because Taylor is so old, this is not a new case, that I cited in my brief on, in my reply brief on page 5, United States v. Perez, which was an en banc case in the Ninth Circuit. And it says when the defendant invites error and abandons a known right, then the error is waived and unreviewable. I would say that this was invited error because everybody knows that a car burglary does not qualify for an enhancement. Well, the prosecution here says that you never contested the prior aggravated felony conviction, which I gather is paragraph 32. Well, we don't have to because it's the government's burden to prove it under Ameline, an en banc case in the Ninth Circuit. The government is, Ameline is very clear. The government has to prove it. And actually, I'm sorry. Quite aside from that, supposing even that the PSR would have been enough, there was, it was never identified. The PSR does not identify this as an aggravated felony, right?  It just identifies it as a conviction. No. Well, 32, the one that they're now relying on. No, they never did. All right. So while you may have agreed to the conviction, you certainly didn't, whether or not you agreed to the conviction, you never agreed that it was an aggravated felony and that was never adjudicated. No, it was never addressed by the court. Actually, California Penal Code 496 is an overbroad statute. So you would have had something to say if it weren't up. They would have still had to bring in documentation to prove it up. But I'm just saying, how can you take a car burglary, which for 15 years now is not an aggravated felony, never can be used as an aggravated felony, and say that that was just a mistake? Everybody, the government let it go forward. The defense tried to argue ye to the court and say, you know, this has already been proven not to be an aggravated felony. So I would say the government's going forward with this is, I mean, it's a known fact that this is not an aggravated felony. It just can't be used as one. And there's never been any dispute. I'm a little confused by one thing. Maybe you can just tell me. I'm looking at page 5 of the PSR, and the specific under paragraph 16 on page 5 of the PSR. Yes, Your Honor. And it's listed the conviction on April 3, 1991. Yes. Isn't that number 33? Look at the docket number there, case number BA. That is correct. That is what I'm saying is 33. Okay, but the one that involves the burglary of a motor vehicle, isn't that 34? Yes, and that's the only one that was discussed at sentencing. But the PSR recommended this because of number 33. Yes, but it was never discussed at sentencing. But it never recommended it because of 32. And 32 is the one that's not being relied on. 32 is the one being relied on, and that was never discussed either. And like I say, that is a known fact. But it was discussed by the government in their reply brief on the sentencing, right? It was discussed in the reply brief. But, I mean, there has to be some kind of court acknowledgement of this, I would think, that it's there. I mean, the government mentioned in passing, oh, by the way, you know, 32 is, you know, receiving known stolen property. Well, what's that got to do with the price of tea in China? Everybody's been discussing 34 at this sentencing hearing. It's just, this is one of those cases where I would recommend, because it is so blatant, that the government not be allowed to go back and produce any more documents. They had five months to produce documents in this case, and all they could come up with was a car burglary. And I'm holding my last two minutes. Thank you. Thank you very much. Counsel? May it please the Court. My name is Robert Don Gifford. I'm with the AUSA in Reno, Nevada. The court is, it did get a little bit confusing. Because what had happened is that there was no objection to any of the convictions or identities. But Judge McKibben, the district court judge in this matter, brought it up on his own. He says, I want to see some convictions. And he noticed, well, he was convicted under a different name. And the whole court got sidetracked in discussing the aliases and does this conviction apply for the criminal history. I'm really concerned about this. Because there's no objections to these, but they're brought up on appeal later. So I want to get this addressed out. So if you look at the matter of the hearings, the hearings were continued out and delayed out. It is true that paragraph 33 under the pre-sentence report, and actually this morning as I'm sitting back there in a gallery, I caught it too. Of course, I was relying on the defense objection that 34 was inappropriate. My response is, I agree. A vehicle burglary is overbroad under the Taylor analysis. But got so caught up into paragraph 34 that paragraph 33 is what was discussed. No, I don't think that's true. Well, maybe I'm wrong, but I thought what happened was that the PSR flagged 33, but what was discussed was 34. Correct, correct. And a month or two before the hearing, what I had done is I said, well, stolen property is also an aggravated felony. So I brought to the court's attention that it could also rely on paragraph 32 receiving a stolen property. But doesn't that seem like a due process violation for us now to be relying on something that was not litigated below, as to which there may be some responses? I don't know what they are. And why would we be doing that now? There was a mistake made. There was definitely a mistake made. Go ahead. I'm sorry. I would agree. There was a mistake made. However, the government brought it to the attention of the defendant months before saying, well, then we're going to proceed on 33 and let the court know that they can proceed on this paragraph, on paragraph 32. But they didn't. But, in fact, they didn't. They did not. But the court did not. And I would disagree with the defense that they said there was no mention of paragraph 33 other than as listed in the pre-sentence report. On the excerpts of record at page 55, the judge describes the burglary as the felony. The base defense level is an 8. I've articulated it earlier. When he goes into the 8 level and hands it to you. Were you with the USA in the district court? Yes, ma'am. After you had said in this document that the ‑‑ in your reply that the aggravated felony was improper for the burglary statute, and after you, I believe, also said it in the hearing, and as the judge was going down that line, and after there was a determination made on that, wouldn't it have made some sense to stand up and say this was all a mistake? Well, actually, at the close of the hearing, I went to the public defender. I said, I'm confused. Which paragraph did he rely on? And Mr. Acosta, the public defender, says, I'm confused, too. I don't know. I'm not sure. He says, I think he relied on 34. And I said, I think he relied on 33, but I'm not sure. So he says, well, we'll need to take a look at the transcripts and see what happens. But you had already conceded that 33 and 34 were both improper. I had not ‑‑ I don't believe I conceded 33 was improper. No, but that's the reply brief. In the reply brief, you say, it appears that the only thing you were talking about at that point was 33. And their reply brief says, well, it appears that the statute in question was, in fact, overbroad. The defendant fails to discuss that his other felony conviction was for receiving known stolen property. So in your document, you conceded that 33 was no good. Your Honor, in the summer of 2005, I think at that time, under the Ninth Circuit law, that I believed that a commercial burglary was overbroad. However, the Shepard case, in defining what a common law burglary was, broadened that definition of what a common law burglary was, which included a commercial business. But the statute was still overbroad because the statute covered car burglary. Correct. Correct, Your Honor. And with the analysis, first we're going to look at the statute, the statute being overbroad in of itself. In this case, then we move to look to other documents. In this case, when the defense attorney stood up and said, you know, is the PSR factually correct? It is, Your Honor. Is there any other objections to this? No, Your Honor. Are you relying on paragraph 32 now? Are we talking about 33? Well, I saw it in your brief that you're talking about 32. I did, and that's exactly what I had done, is I relied on 32 in my brief because receiving stolen property is a theft offense, which is an aggravated felony, which therefore any error committed by the court would be harmless because we're right back to the very same sentence. But except that this court was not letting you do that. He wasn't insisting on actually seeing the conviction. Right? That's why you got into the whole problem to begin with. And this was in regards to the conviction itself went to 34. I understand that. But if you had been – if you – if he didn't think 34 was okay, if he had gone to 32, he would have gone to see the conviction for that because that's what he said. He wasn't taking the concession with regard to the PSR as itself enough. He never did bring up the conviction on 32. The question was on 34 whether or not it was the same defendant because he was convicted on 32. But my point is slightly different. It's that whether or not it might have been okay to rely on the PSR, this judge was not allowing that. He did not allow it with respect to the conviction that you did. That's why the whole thing happened. That is true. And the defense did object to 34. And we said 34 is not proper because it's not OBERT. Well, it objected not to the conviction but whether it was an aggravated felony. And they may well have objected to the same thing here. This was never flagged in the PSR as an aggravated felony. It was only flagged as a conviction that occurred. True, true. And I – you know, I agree. It did get very – it got very confusing. But in this case, it's that not only do we have to look at these convictions to ask whether or not it is an aggravated felony, the judge wants to know, hey, are these convictions I can even consider? I understand. But does it make sense for us now to be deciding whether that was an aggravated felony? I mean, isn't the only real problem for us now whether we remand him, let you do it again, or whether we don't let you do it again? Correct, Your Honor. Correct, Your Honor. But I do want to – there is one thing I do want to – I mean, are you agreeing with that now? Because you didn't agree with it and you're brave. I mean, are you still standing by your harmless error argument, or are you essentially recognizing that we're going to have to go back? At best, you're going to have to go back and do it again. Not at best. At worst. I think as the way it stands now is that basically we have not one, but we have two convictions in the PSR that basically say that there can be an eight-level enhancement. The judge – we all – I agree. Everyone got confused and started focusing on 34. However, I will note that what the judge gave the eight levels for at the very close of the sentencing was the commercial burglary as stated at paragraph 33 that's listed in the objections at paragraph 33. So what had happened is that the defense didn't object to 33. There was really no discussion of 33. He didn't ask for any of the documents regarding 33. But because the objection was raised to 34, the judge started saying, let's see these convictions on 34. I've got a concern about the aliases. These aliases are all confusing. So we got sidetracked talking about 34. At the end of the day, 34 really didn't mean anything to the eight-level enhancement, and there was no further discussion by the defense or objection to paragraph 33, which the PSR says 33 is the eight-level enhancement. But then your current brief doesn't say that either. I mean, your current brief says that there really – there was a mistake and that 34 is no good – that it's 34, 34 is no good, and we should go to the received, sold property. And I – and that's – that is my fault in that actually I caught it just sitting here this morning, just flipping through the transcript. And I said, I said, son of a gun, the judge actually read from 33 and not 34. And listening to Ms. Hahn talk and the questions from the court, said this – my brief should have been talking about 33 being okay. But last summer, and actually when I prepared this, is that Shepard – I hadn't realized – and Shepard itself hadn't really – hadn't really come through to say, hey, here in the Ninth Circuit, we are now broadening that common law definition of a burglary because while Shepard narrowed it for the rest of the country, for us here in the Ninth Circuit, we actually broadened it out just a little bit because we had never really considered a commercial burglary as a common law burglary for the definition. Can you show me briefly where – from whence you concluded that the judge was relying on paragraph 33 in the end? At the excerpts of record of page 55, the second full paragraph, the felony commercial burglary, second degree, sentenced to two years imprisonment with a 172 days credit for time served, and that would be – Then he says the supporting documentation is sufficient to establish as a qualifying offense. There was no supporting documentation on that. Well, we – he wanted to have the entire A file taken into evidence, and the A file should have all the documents supporting all the convictions. And that was one of the – when I had asked – he had asked, do you have the A file? I said, no, Your Honor, I do not. U.S. Probation had the A file and submitted it to the court. And at the close of the court, he says, is there – if there's anything in there that the defense wants pulled out, we'll go back on the record. We can take a look at it and break. And that was the end of it, and there was no further hearing. So really, within the record, there – Is the supporting documentation sufficient? And is there supporting documentation on 32 in that file as well? I can't – honestly, Your Honor, I cannot recall what all documentation is contained in the A file as to 32 and 33. And like I say, I think at worst – at worst, we're looking at a remand. And at best, I think that since there was no factual objections to 32 or 33, that the court can take and say there's harmless error here, the defense didn't reject it, told the court, you can rely on everything else but paragraph 34. Ms. Hahn said you have to do something different to comply with the Amaline case. With the Amaline case, that was one of the concerns that I realized that the judge hadn't really spelled out. I'd ask that the sentencing be held in accordance to 3553A. He did cover those factors at page 57 of the excerpt of the record where he lists them, but he doesn't ever say the magic words of 3553. But he does say that this court's carefully considered the issue involving the respect for the law, deterrence, rehabilitation, protection of the public, seers, and defense, et cetera. Well, her statement was, though, that you have to have more documentation that wasn't in there. That's the part that I gathered. Oh, as far as the documentation itself, it is true that the government bears the burden for those enhancements, but those enhancements are – that burden only arises when there is an objection to them. When the defense attorney says, court, you can rely on this PSR, it's good, then there is – the government has no burden to say, well, we still have to produce these documents anyway. What is being asked is whether or not do we have to produce those documents. But you're now saying that there are documents in the record, even though no one's ever mentioned them before. Well, I'm not saying that – You don't know if they're on there. Yeah, I'm not for sure since the A file went directly from the probation to the judge, and I didn't have a chance to sit and flip through, look for 32 and 33. I know that historically with – Did the defense have a chance to look through? Oh, yes, yes, yes. We turn over the entire A file to the defense. But not to you. Well, not to me. Usually what we do in our office is that we have the immigration officer make it available. They come to – the defense attorney comes down and picks it up. If there's an issue with the A file, we'll have it sent to our office simply for manpower. We don't make the agents reproduce so many copies. In our district, the magistrate issues an order to release the entire A file to the defense. And if they raise a motion, we'll call Immigration and say, please send us the entire A file. Usually they send us a few documents. Okay. Thank you very much, counsel. Thank you very much, Your Honor. So is there an A file that has documents from all of these convictions? No, Your Honor. There is not. What was produced – the government was so darn confused about what section of the PSR it was going to discuss that it produced from excerpt 60A to 60J only evidence of the car burglary. That's how confused they were. They had every opportunity to produce other records. All right. Now what about the fact that the judge does appear, however, in the end to have been relying – in the paragraph that was just discussed, he says, the felony commercial burglary second degree, a violation of California Penal Code 459, sentenced to two years' imprisonment. The supporting documentation is sufficient to establish that as a qualifying offense aggravated as a felony. So now he's talking about the other one, it appears. Well, it says that he's relying solely on the abstract of judgment. So that would be an error of law. Well, how do we know what he's relying on? Did he have an abstract of judgment with regard to that? It says that at the bottom here, on excerpts about – No. He says, I'm not relying solely on the abstract of judgment. Oh. I'm sorry. I missed – In addition to the abstract of judgment, we have the certificate in order of the magistrate judge. That's a certified copy showing the – That's from the car burglary, Your Honor. So he's now confused, too. Yes. But that was all that was given. If the government was so confused, why did it only supply the court with the car burglary documents? That makes no sense. I mean, that shows pretty much what they were relying on. The other couple of things I wanted to point out was the misstatement of Ameline is that the defense somehow has to make some kind of objection before the government has to prove an enhancement. Ameline didn't say that. Ameline said it is the government's burden, period, to prove up any enhancement, just like it would be our burden. Yes. But that doesn't answer the question of whether they prove it up by getting an admission from you that there was, in fact, a conviction. That doesn't deal with the aggravated felony part of it, but it does deal with the fact of whether the conviction existed. Yes. Well, I wanted to, just for the record, submit on the briefs the arguments as far as Almendar's, Torres' Right. I understand that. And Ameline. So. Okay. Thank you very much. Thank you. Thank you, counsel, for a useful argument. We have a case of United States v. Gordez-Chavez submitted, and we are recessed, or adjourned. Thank you.
judges: Siler, Berzon, Bybee